1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RAYMOND SCOTT,                          No. C 09-00051 SBA (PR)

12              Petitioner,                  **ORDER DENYING MOTION FOR**
                                             **APPOINTMENT OF COUNSEL**
13       v.

14   R. K. WONG, Warden,

15              Respondent.
     _____/
16

17       Petitioner has filed a motion for appointment of counsel in this action.

18       The Sixth Amendment right to counsel does not apply in habeas corpus actions.  See

19   Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B),

20   however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the

21   court determines that the interests of justice so require" and such person is financially unable to

22   obtain representation.  The decision to appoint counsel is within the discretion of the district court.

23   See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v.

24   Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the

25   exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and

26   complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or

27   mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either

28   in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial

facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas

Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only

when the circumstances of a particular case indicate that appointed counsel is necessary to prevent

due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th

Cir. 1965).

At this time, the Court is unable to determine whether the appointment of counsel is

mandated for Petitioner.  Accordingly, the interests of justice do not require appointment of counsel,

and Petitioner's request is DENIED.  This denial is without prejudice to the Court's sua sponte

reconsideration should the Court find an evidentiary hearing necessary following consideration of

the merits of Petitioner's claims.

This Order terminates Docket no. 8.

IT IS SO ORDERED.

Dated: 5/24/10

_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAYMOND SCOTT,

       Plaintiff,

  v.

ROBERT L AYERS et al,

       Defendant.

_____/

Case Number: CV09-00051 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 24, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Scott E-76911
California State Prison - San Quentin
San Quentin, CA 93974

Dated: May 24, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

United States District Court
For the Northern District of California

P:\PRO-SE\SBA\HC.09\Scott0051.Atty.frm

3