**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAYMOND SCOTT,                                    No. C 09-0051 SBA (PR)

            Petitioner,                       **ORDER GRANTING RESPONDENT'S**
                               **MOTION TO DISMISS; AND DENYING**
  v.                                             **CERTIFICATE OF APPEALABILITY**

R. K. WONG, Warden,
                                   (Docket no. 6)
            Respondent.
_____/

## INTRODUCTION

      Petitioner, a state prisoner incarcerated at San Quentin Prison, filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges two claims: (1) that he is entitled to a determinate sentence under California Penal Code § 1170.2 and (2) that his due process rights were violated because the denial of parole by the California Board of Parole Hearings (Board) on February 8, 2007 was not supported by some evidence that he is presently dangerous.

      On October 26, 2009, the Court issued an Order to Show Cause directing Respondent to answer the instant petition.

      Before the Court is Respondent R. K. Wong's[1] Motion to Dismiss. Respondent moves to dismiss the first claim -- the sentencing claim -- based on two alternate grounds: (1) that it fails to state a federal question; and (2) that it is untimely. Respondent also moves to dismiss the second claim -- the "some evidence" claim -- as being barred by the doctrine of procedurally default.

      On April 29, 2010, Petitioner filed an opposition.[2]

_____

[1] Respondent requests that current Warden R. K. Wong replace former Warden Robert Ayers as Respondent in this case. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the Respondent. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). Therefore, the Court grants this request.

[2] Plaintiff filed a document entitled "Notice of Motion and Motion to Deny Respondent's Motion to Dismiss and Grant Petitioner's Federal Habeas Petition," which the Court construes as his opposition.

On May 14, 2010, Respondent filed his reply to the opposition.

For the reasons discussed below, Respondent's motion to dismiss is GRANTED.

## BACKGROUND

Petitioner is serving a sentence of fifteen years to life imprisonment for a 1990 conviction for second-degree murder.

Petitioner filed the two claims presented here in a state habeas petition filed in the state superior court. The court denied the petition in a two-page reasoned opinion. (Mot. to Dismiss, Ex. 1 at 1-2.) The court denied his sentencing claim, stating: "Petitioner is serving a 15 years-to-life sentence, and, therefore, he is not a determinate term prisoner under Penal Code section 1170. Lastly, Petitioner is serving the very sentence he bargained for in 1990." (Id.) The court also denied Petitioner's "some evidence" claim by citing to People v. Duvall, 9 Cal. 4th 464, 474 (1995) and determining that he had "failed to make a claim on which relief can be granted" because he "ha[d] not submitted the necessary supporting documents for the Court to review his claim." (Id. at 1.) Petitioner then filed an Application for Reconsideration in the state superior court. The court denied his application on the grounds that Petitioner failed to "present new facts or law to warrant reconsideration" and that he "ma[de] the same arguments that he did in his habeas petition and refer[red] to his petition for support." (Mot. to Dismiss, Ex. 5.) Petitioner then filed a state habeas petition in the state appellate court, which was denied without comment. Finally, Petitioner filed a state habeas petition in the state supreme court, which was also denied without comment.

On January 7, 2009, Petitioner filed the present federal habeas petition.

## DISCUSSION

### I.   Sentencing Claim

Respondent's argues that a second-degree murder sentence of fifteen years to life is "by its nature an indeterminate term." (Mot. to Dismiss at 3.) Respondent cites a California case in support of this argument, In re Monigold, 139 Cal. App. 3d 485, 490 (1983). Monigold states:

> the punishment for second degree murder was increased from a determinate term . . . to an indeterminate term of fifteen years to life. A sentence of 15 years to life is by its nature an indeterminate term. The punishment for indeterminate crimes cannot be determined as set forth in the determinate sentencing scheme in section 1170 et seq., and thus section 1168, subdivision (b), provides that for persons not sentenced under those provisions the court shall not fix the term or

2

1    duration of the period of imprisonment.

2    Id.  Respondent also relies on the aforementioned decision by the state superior court, which denied

3    Petitioner's sentencing claim upon finding that he was not a determinate term prisoner under section

4    1170.2.  Therefore, Respondent contends that Petitioner's sentencing claim should be dismissed for

5    failure to state a federal question because "this claim involves a question of state law only, and this

6    Court is bound by the California courts' finding that section 1170.2 does not apply to those convicted

7    of crimes that carry indeterminate sentences, including second-degree murder."  (Mot. to Dismiss at

8    3 (citing Monigold, 139 Cal. App. 3d at 490).)

9         A person in custody pursuant to the judgment of a state court can obtain a federal writ of

10   habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or

11   treaties of the United States.  28 U.S.C. § 2254(a).  In other words, a writ of habeas corpus is

12   available under § 2254(a) "only on the basis of some transgression of federal law binding on the

13   state courts."  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456

14   U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986).  It is unavailable for violations of state

15   law or for alleged error in the interpretation or application of state law.  Estelle v. McGuire, 502 U.S.

16   62, 67-68 (1991).  It is unavailable merely because "something in the state proceedings was contrary

17   to general notions of fairness or violated some federal procedural right unless the Constitution or

18   other federal law specifically protects against the alleged unfairness or guarantees the procedural

19   right in state court."  Middleton, 768 F.2d at 1085.  It also is unavailable for alleged error in the state

20   post-conviction review process.  Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989), cert. denied.,

21   493 U.S. 1012 (1989).

22        Here, Petitioner claims that he is entitled to a determinate sentence under section 1170.2,

23   which describes sentencing procedures for certain felonies committed before July 1, 1977, when the

24   Determinate Sentencing Law (DSL) replaced the Indeterminate Sentencing Law (ISL).  See Cal.

25   Penal Code § 1170.2.  Section 1170.2 permits the Board, under certain circumstances, to translate a

26   prisoner's ISL term into a DSL retroactive term "to afford the prisoner an earlier release where the

27   expiration of the DSL term occurs earlier than the prisoner's ISL parole release date."  In re Olson,

28   149 Cal. App. 4th 790, 793 (2007).  Only prisoners who committed their crime before July 7, 1977

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   are eligible to have a term fixed under section 1170.2.  See Cal. Penal Code § 1170.2.

2       As mentioned above, Petitioner submitted his sentencing claim for review in the state courts,

3   and the courts denied his claim upon finding that he was not a determinate term prisoner under

4   section 1170.2.  (Mot. to Dismiss, Exs. 1, 6, 7.)  Petitioner's claim that section 1170.2 entitles him to

5   a have his ISL fifteen-year-to-life term converted into a DSL term involves California statutory

6   interpretation; therefore, it is an issue of state law.  This Court is bound by California's interpretation

7   of its own laws.  See McSherry v. Block,  880 F.2d 1049, 1052 (9th Cir. 1989).

8       Accordingly, the Court GRANTS Respondent's motion to dismiss as to the sentencing claim,

9   and that claim is DISMISSED for failure to state a federal question.[3]

10  **II.    "Some Evidence" Claim**

11      Respondent argues that the state courts did not examine the "some evidence" claim on the

12  merits because Petitioner failed to submit the necessary supporting documents to support that claim,

13  specifically the full transcript of the 2007 parole suitability hearing.[4]  (Mot. to Dismiss at 5.)

14  Therefore, Respondent moves to dismiss on ground that the "some evidence" claim is barred by the

15  doctrine of procedural default.

16      In all cases in which a state prisoner has defaulted his federal claims in state court pursuant

17  to an independent and adequate state procedural rule, federal habeas review of the claims is barred

18  unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

19  alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

20  fundamental miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

21      As mentioned above, Petitioner's "some evidence" claim was denied by the state courts.  It is

22

23      [3]  Because this Court has found Petitioner's sentencing claim fails to state a federal question,
it need not address Respondent's alternative argument that the sentencing claim is untimely.

24      [4]  Respondent also argues that the Court should not examine Petitioner's state superior court
25  habeas petition during its procedural default analysis.  (Mot. to Dismiss at 5 n.2.)  However, the
    Court notes that Petitioner did attach -- as an exhibit to the state superior court habeas petition -- the
26  decision portion of the transcript of the February 8, 2007 parole suitability hearing.  In any event,
    whether the state superior court was correct that the complete transcript -- and not only the decision
    portion -- should have been provided is irrelevant.  Because the California courts are the final
27  expositors of California law, this Court must accept the state court's conclusion that the State's
    procedural rule was not satisfied.  See Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999) (federal
28  courts lack jurisdiction to review state court applications of procedural rules; refusing to review state
    court's finding of procedural default).

4

United States District Court
For the Northern District of California

necessary to "look through" the state supreme and appellate courts' rulings to that of the reasoned two-page decision by the state superior court to determine the basis for the denials.  See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991)  (where last reasoned opinion on a claim expressly imposes a procedural bar, it should be presumed that a later decision summarily rejecting the claim did not silently disregard the bar and consider the merits).  The Court has noted above that the state superior court denied Petitioner's "some evidence" claim by citing to Duvall.  The question, then, is whether the citation to Duvall establishes a procedural bar.

Duvall stands for the rule that a California habeas petition must state with "particularity the facts on which relief is sought," and also stands for the proposition that documentary evidence must be provided.  9 Cal. 4th at 474.  If a petition is dismissed for failure to state the facts with particularity -- that is, with a cite to Duvall --  the petitioner may file a new petition curing the defect.  Gaston v. Palmer, 417 F.3d 1030, 1037 (9th Cir. 2005); see Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).  There is no reason the result should be any different when the defect in the state petition was failure to attach documents than when the defect was failure to plead with particularity.  Neither are irremediable errors, such as untimeliness.  The Court concludes, therefore, that the state court would have allowed Petitioner to file a new state petition remedying the defect of the old one.  That is, although this particular state petition was denied for procedural reasons, Petitioner's claims are not procedurally defaulted in state court -- he can bring them up in a new petition -- and thus the federal petition is not procedurally barred.

Because the state courts did not consider Petitioner's "some evidence" claim on the merits, it is not exhausted.  See Kim, 799 F.2d at 1319.  The proper procedure thus is to dismiss the petition without prejudice to filing a new case after exhaustion of the "some evidence" claim is completed.[5] Accordingly, the Court GRANTS Respondent's motion to dismiss as to the "some evidence" claim, although on different grounds than what has been argued by Respondent -- Petitioner's "some evidence" claim cannot proceed because it should be dismissed as unexhausted rather than barred by

---

[5] Because the sentencing claim has been dismissed and Petitioner has not exhausted the only remaining "some evidence" claim, the petition is not mixed and the option of staying this case while he returns to state court to exhaust is not available.  A district court does not have discretion to stay a petition containing only one unexhausted claim.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

1   the doctrine of procedural default.

2   **III.    Certificate of Appealability**

3       The federal rules governing habeas cases brought by state prisoners have been amended to

4   require a district court that dismisses or denies a habeas petition to grant or deny a certificate of

5   appealability (COA) in its ruling.  See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll.

6   § 2254 (effective December 1, 2009).

7       For the reasons stated above, Petitioner has not shown "that jurists of reason would find it

8   debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529

9   U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

10                                  **CONCLUSION**

11      For the foregoing reasons, Respondent's motion to dismiss the petition (docket no. 6) is

12  GRANTED.  As mentioned above, Petitioner's sentencing claim is DISMISSED for failure to state a

13  federal question.  His "some evidence" claim is DISMISSED without prejudice to refiling in a new

14  federal petition after exhaustion of that claim is completed.[6]  Furthermore, a COA is DENIED.

15      The Clerk of the Court shall enter judgment, terminate all pending motions and close the file.

16      This Order terminates Docket no. 6.

17      IT IS SO ORDERED.

18  DATED: September 30, 2010

                                    _Saundra B Armstrong_
                                    SAUNDRA BROWN ARMSTRONG
19                                  United States District Judge

---

[6]  In this context, "without prejudice" means only that this dismissal does not in itself bar the filing of a subsequent federal petition containing the same "some evidence" claim after Petitioner has exhausted his state judicial remedies.  Should he do so, he is advised to file his new federal petition as soon as possible after his state court proceedings have concluded.  The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND SCOTT,                                    Case Number: CV09-00051 SBA

       Plaintiff,                              **CERTIFICATE OF SERVICE**

  v.

ROBERT L AYERS et al,

       Defendant.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 5, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Scott E-76911
California State Prison - San Quentin
San Quentin, CA 93974

Dated: October 5, 2010

                              Richard W. Wieking, Clerk
                              By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California